UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | * | CIVIL ACTION NO. 14-2491 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| GROUPO RIMAR, AKA SUAVINEX | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for insufficient service of process, Fed.R.Civ.P. 12(b)(5) [doc. # 5], filed by defendant Groupo Rimar, AKA Suavinex, SA ("Suavinex"). The motion is opposed, in part. For reasons explained below, it is recommended that the motion be denied, but service quashed.

Background

a) Current Suit

On August 14, 2014, Luv N' Care, Ltd. ("LNC"), a Louisiana corporation, with its principal place of business at Monroe, Louisiana, filed the instant complaint before this court against Suavinex, a Spanish corporation, with its principal place of business at Alicante, Spain. (Compl.). According to the complaint, effective January 1, 2009, LNC contracted with Suavinex for the latter company to act as the exclusive distributor for LNC's products in Spain. (Compl., Exh. A; "2009 Agreement"). The 2009 Agreement included provisions protecting intellectual property rights and ensuring confidentiality. *Id*. Effective April 12, 2012, however, LNC and Suavinex confected a Termination Agreement and Mutual Release ("2012 Agreement") that recognized the expiration of the 2009 Agreement, and settled a dispute regarding the payment of

outstanding commission and invoices. (Compl., Exh. B). The 2012 Agreement also preserved certain provisions of the 2009 Agreement regarding intellectual property rights, termination of trademark rights, and use of confidential information. *Id*. The 2012 Agreement further specified that "[a]ny action, hearing, suit or proceeding arising out of or relating to this Agreement shall be brought in the United State[s] District Court for the Western District of . . . Louisiana." *Id*.

According to LNC, Suavinex is selling products in contravention of provisions of the 2009 Agreement that were incorporated into the 2012 Agreement. (Compl.). Accordingly, LNC seeks recovery against Suavinex for damages, in an amount greater than the jurisdictional threshold, for breach of contract and for violation of the Louisiana Unfair Trade Practices and Consumer Protection Act, La. R.S. 51:1401, *et seq*.[1] LNC also requests an injunction, attorney's fees, interest, costs, and expenses.

b) <u>Prior Suit</u>

On June 6, 2013, more than one year before it filed the instant suit, LNC filed substantially the same suit against Suavinex in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. *See* Petition; Pl. Opp. Memo., Exh. A. On June 13, 2014, however, Suavinex filed a "Declinatory Exception of Improper Venue," on the basis that the parties had designated the United States District Court for the Western District of Louisiana as the proper venue for all actions between them. (Pl. Opp. Memo., Exh. C). In the wake of Suavinex's exception, counsel for LNC suggested to opposing counsel that Suavinex simply remove the case to federal court, or failing that, LNC would have to re-file the matter in federal

---

[1] Although LNC invoked this court's subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337, & 1338(a), it did allege sufficient jurisdictional facts to support diversity jurisdiction, 28 U.S.C. § 1332, as needed.

court. *See* E-Mails between Joe Guerriero, Bob Baldwin, and Bob Altherr, Jr.; Pl. Opp. Memo., Exhs. D-G. After engaging in settlement negotiations that failed to bear fruit, LNC re-filed the suit in federal court, and apparently voluntarily dismissed the state court action. *See Id*.

c) Service and the Pending Motion to Dismiss

LNC served Suavinex with the state court suit via the Hague Convention. (Pl. Opp. Memo., pg. 3). After LNC re-filed the suit in federal court, LNC's counsel asked counsel for Suavinex whether Suavinex intended to insist on service of the new suit via the Hague Convention. (Pl. Opp. Memo., Exh. F). There is no indication that counsel for Suavinex ever replied to this inquiry. *Id*. Subsequently, on September 4, 2014, counsel for LNC advised defense counsel that he had "just remembered" that LNC's CEO would be attending a trade show in Germany, and thus, – in the absence of Suavinex's immediate agreement to accept service of the federal lawsuit – LNC's CEO would proceed to serve Suavinex at the trade show. *Id*. There is no indication that counsel for Suavinex ever responded or objected to counsel for LNC's proposal.

As promised, on September 12, 2014, a process server left service papers with Sauvinex employees who were staffing a booth at a Cologne trade show. *See* Affidavits of Sarah Munoz and Gustavo Lubian; Def. M/Dismiss, Exhs. A & B). On September 22, 2014, counsel for LNC advised opposing counsel that he had served their client and filed the return of service confirming personal service at the show. [doc. # 4].

On October 3, 2014, Suavinex filed the instant motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Suavinex argues that LNC's service attempt at the trade show was insufficient because, as a Spanish corporation, Suavinex must be served pursuant to the Hague Convention. On October 6, 2014, LNC filed its

3

opposition to the motion to dismiss, in which it did not contest that its service attempt at the German trade show was ineffective. However, in lieu of dismissal, LNC urges the court to quash the prior service, and permit LNC to effect service on Suavinex in accordance with the Hague Convention. Suavinex did not file a reply, and the time to do so has lapsed. Thus, the matter is ripe.

## Discussion

A "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). A district court "enjoys broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Absent a provision of federal law to the contrary or defendant having filed a waiver, Rule 4 effectively requires service on a foreign corporation that occurs outside the judicial district of the United States to be perfected in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") – at least when the treaty applies. *See* Fed.R.Civ.P. 4(h)(2) & (f). A foreign defendant may insist on proper service under the Hague Convention. *Sheets v. Yamaha Motors Corp., U.S.A.*, 849 F.2d 179, 185 n.5 (5th Cir. 1988). Both the United States and Spain are signatories to the Hague Convention. *Intelsat Corp. v. Multivision TV LLC*, 736 F. Supp. 2d 1334, 1342 (S.D. Fla. 2010) (citation omitted).

Here, LNC attempted to personally serve Suavinex, a foreign corporation, in Germany – a

method of service that is not sanctioned under Rule 4. *See* Fed.R.Civ.P. 4(h)(2) & (f)(2)(C)(i). Accordingly, service was ineffective. Suavinex contends that dismissal is warranted because, despite acknowledging in its complaint that service must be perfected in accordance with the Hague Convention, *see* Compl., ¶ 23, LNC brazenly proceeded with personal service on Suavinex at a trade show in a transparent effort to embarrass and harm Suavinex in the eyes of its customers and others in the industry.

Generally, however, the remedy for insufficient service of process is to quash service and permit plaintiff to re-serve defendant. *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 750 (W.D. La. 2000) (citation omitted). Indeed, dismissal under Rule 12(b)(5) "is not appropriate where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Cockerham v. Rose*, Civ. Action No. 11-0277, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011) (citations and internal quotation marks omitted). In this case, LNC has taken steps to serve Suavinex in accordance with the Hague Convention. *See* Pl. Opp. Memo., Exh. G. Moreover, the time period for LNC to perfect service has not yet expired. *See* Fed.R.Civ.P. 4(m).[2]

Furthermore, the undersigned cannot find that LNC acted in bad faith by attempting to personally serve Suavinex at a trade show in Germany. LNC's counsel represented to the court that he did not realize at the time that service through the Hague Convention was the exclusive means to perfect service in this case. (Pl. Opp. Memo., pg. 2). The court has no reason to question counsel's representation made under Rule 11, especially given his mistaken filing of the initial suit in state court. Moreover, LNC's counsel pre-notified opposing counsel of his

---

[2] If LNC is unable to perfect service within the allotted time, it may petition the court for an extension to do so.

intention to have Suavinex served at the trade show. However, there is no indication that Suavinex conveyed to LNC the ineffectiveness of this service method before it occurred. Under the circumstances, the court cannot attribute any ill intent or improper motive behind LNC's abortive service.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to dismiss for insufficient service of process, Fed.R.Civ.P. 12(b)(5) [doc. # 5], filed by defendant Groupo Rimar, AKA Suavinex, SA be DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's prior service attempt as reflected in [doc. # 4] be QUASHED.[3] Plaintiff shall proceed to serve defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[3] *See Holden v. Connex-Metalna Management Consulting*, 1999 WL 1072549, *9 (E.D. La. 1999) ("Courts routinely regard motions for dismissal as motions to quash service and allow the plaintiff to properly serve the defendant rather than dismissing the entire action for insufficient service.")

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 19th day of November 2014.

*[signature]*

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE