UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | * | CIVIL ACTION NO. 14-2491 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| GROUPO RIMAR, AKA SUAVINEX | * | MAG. JUDGE KAREN L. HAYES |

<u>MEMORANDUM ORDER</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel discovery responses and associated request for costs and fees [doc. # 32], filed by defendant Groupo Rimar, AKA Suavinex, SA ("Groupo Rimar"). For reasons assigned below, the motion is GRANTED IN PART and DENIED IN PART.[1]

<u>Background</u>

Luv N' Care, Ltd. ("LNC") filed the instant complaint against Groupo Rimar on August 14, 2014. (Compl.).[2] LNC alleges that, effective January 1, 2009, it contracted with Groupo Rimar for the latter company to act as the exclusive distributor for LNC's products in Spain. (Compl., Exh. A; "2009 Agreement"). The 2009 Agreement included provisions protecting intellectual property rights and ensuring confidentiality. *Id.* Effective April 12, 2012, however, LNC and Groupo Rimar confected a Termination Agreement and Mutual Release ("2012

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] LNC filed an amended complaint on December 8, 2014. (Amend. Compl. [doc. # 20]).

Agreement") that recognized the expiration of the 2009 Agreement, and settled a dispute regarding the payment of outstanding commission and invoices. (Compl., Exh. B). The 2012 Agreement also preserved certain provisions of the 2009 Agreement regarding intellectual property rights, termination of trademark rights, and use of confidential information, that form the basis of this suit. *Id.*[3]

---

[3] Specifically, ¶¶ 15, 16, and 19 of the 2009 Agreement survived termination. (2012 Agreement, ¶ 3.3). They provide, in pertinent part, that

> 15. B. Distributor [Groupo Rimar] hereby acknowledges and agrees not to copy or utilize any of LNC's formulae, trade secrets, product design, patents, drawings, business plans, prototypes, packaging, procedures and methods any [sic] other proprietary designs or information without LNC's written permission.
>
> C. If in the event, the Distributor is found to have copied any Intellectual Property Rights, Product Designs and/or Packaging as defined in Paragraph 15 A & B above, then the Distributor will be liable to pay to LNC, at a minimum, a royalty of twelve (12) percent on all sales of the infringing product(s) as well as any other remedies allowed by law for LNC to recover its losses and lost sales.
>
> \* \* \*
>
> 19. During the term of this Agreement and continuing after the expiration or termination hereof, either party shall not disclose or make accessible to anyone, or make use of the knowledge or information which either party obtains or obtained during the term of this Agreement with respect to formulae, trade secrets, product design, patents, drawings, business plans, prototypes, procedures, and methods any [sic] other proprietary designs or information of the other party without the written consent of the other party . . . During the term of this Agreement and continuing after the expiration or termination hereof, Distributor agrees not to use in any fashion said information or designs, or any colorable imitations thereof. Any use by Distributor of said information or property without LNC's written consent will convey royalty and commission rights upon LNC at a rate not less than those set herein, without waiving and specifically reserving to LNC any

LNC contends that Groupo Rimar is selling products in violation of the 2009 Agreement, as incorporated into the 2012 Agreement. (Compl.). Accordingly, LNC seeks damages for breach of contract and for violation of the Louisiana Unfair Trade Practices and Consumer Protection Act, La. R.S. 51:1401, *et seq*.[4] LNC also requests an injunction, attorney's fees, interest, costs, and expenses.

On January 20, 2015, Groupo Rimar served LNC with its First Set of Interrogatories and First Set of Requests for Production. (M/Compel, Exhs. 4 & 1). On February 20 and March 20, 2015, respectively, LNC filed its responses/answers and supplemental responses/answers to Groupo Rimar's First Set of Requests for Production and First Set of Interrogatories. (M/Compel, Exhs. 2-3, 5-6). Dissatisfied with some of the responses, defense counsel conferred with plaintiff's counsel (apparently on March 24, 2015, *see* Reply Memo., pg. 1, n.1) in an attempt to resolve the perceived discovery shortcomings. *See* LR 7.4.1 Certification. According to the email exchange between counsel, the parties continued to discuss their concerns regarding the sufficiency of one another's discovery responses at least through April 21, 2015. *See* Emails between Robert Altherr, Robert Baldwin, Christopher Roth, and Joe Guerriero; M/Compel, Exhs. 7-8.

Nevertheless, on May 14, 2015, Groupo Rimar filed the instant motion for an order compelling LNC:

1)    to produce documents fully responsive to Groupo Rimar's Requests for Production Nos. 2-14, 17, 20, 21, 24, and 27; and

---

other remedies available to LNC . . .
(2009 Agreement, ¶¶ 15(B)-(C), 19).

[4] On May 29, 2015, LNC filed a motion to voluntarily dismiss its claim under the Louisiana Unfair Trade Practices and Consumer Protection Act, La. R.S. 51:1401, *et seq*. The motion is set before the District Court. *See* Notice of Motion Setting [doc. # 44].

      2)      to supplement its answers to Groupo Rimar's Interrogatories Nos. 1-6.

That same day, LNC again supplemented its responses to Groupo Rimar's discovery requests. *See* Pl. Opp. Memo., Exh. A. On May 20, 2015, LNC filed its opposition to the motion to compel. In its May 28, 2015, reply memorandum, Groupo Rimar maintained that LNC's discovery responses, as twice supplemented, remained deficient. (Def. Reply Memo. [doc. # 41]). On June 2, 2015, LNC filed a sur-reply. (Pl. Sur-reply [doc. # 48]). Briefing is complete; the matter is ripe.

## **Law**

Rule 33 provides that a party may serve an interrogatory on another party that relates to any matter that may be inquired into under Rule 26(b). Fed.R.Civ.P. 33(a). Likewise, Rule 34 dictates that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the "party's possession, custody, or control . . ." Fed.R.Civ.P. 34(a)(1).[5]

---

[5] Under Rule 26(b),
> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . .

Fed.R.Civ.P. 26(b)(1).

The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). Ultimately, the relevance inquiry ends where it starts; i.e., the relevancy of a discovery request depends upon whether it is "reasonably calculated" to lead to admissible evidence. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004).

Rule 34's definition of "possession, custody, or control," includes more than actual possession or control of the materials; it also contemplates a party's "legal right or practical ability to obtain the materials from a nonparty to the action." *White v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 3423388 (M.D. La. Aug. 4, 2011 (citations omitted). A party must "make a reasonable search of all sources reasonably likely to contain responsive documents." *Id*. A party also is "charged with knowledge of what its agents know or what is in records available to it." *Autery v. SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. Aug. 4, 2011) (citation omitted).

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed . . ." *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citations omitted). In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted). Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *Id*.

A party seeking discovery may move for an order compelling production against another party when the latter has failed to answer an interrogatory or produce documents for inspection. *See* Fed.R.Civ.P. 37(a)(3)(B). An evasive or incomplete response is treated as a failure to respond. Fed.R.Civ.P. 37(a)(4).

## Analysis

**a)      Interrogatories**

| | |
|---|---|
| **Interr. No. 1:** | Identify with detail and particularity, including by nature, scope and composition, each and every piece of Asserted CI[6] that LNC alleges exists within any Groupo Rimar product |
| **Response/ Argument:**[7] | Interrogatory number 1 response has been set forth in Plaintiff's proposed Second Amendment to the pleadings and further supplemented on May 18th, 2015 to show that the Defendant copied the hard and soft features of Plaintiff's pacifier shield, and also the method of manufacturing of this shield, and copied the soft silicon top spout and the valve in same which said valve works on compression as opposed to sucking being a very unique concept when furnished to Defendant; Plaintiff also claims that Defendant copied its Trademark "comfort" on its packaging. In addition, Plaintiff's expert, Ed Manzo's report to Defendant (see attached **Exhibit "D"**) was furnished on May 6th, 2015, 8 days before Defendants filed this Motion to Compel that Defendant copied its Trademark "comfort" on its packaging. N. Edward Hakim's expert report was timely sent on May 19, 2015 to the Defendant's Counsel. |

**Resolution:** As the court appreciates LNC's response, it maintains that Groupo Rimar copied certain aspects of LNC's pacifier shield and manufacturing processes, plus a sippy cup top spout and valve. In addition, via LNC's proposed second amended complaint, Groupo Rimar impermissibly affixed LNC's trademark "Comfort" to its packaging – all as detailed in the expert reports disclosed by LNC. If this understanding is incorrect, then LNC is obliged to immediately supplement its answer with any omitted "Asserted CI."

---

[6] Groupo Rimar defines "Asserted CI" as,
each and every LNC product, product design, drawing, prototype, packaging, procedure and method, or any other proprietary design or information encompassed within the previously executed agreement between [Groupo Rimar] and LNC on or about December of 2009 and which forms the basis for any allegation or claim in LNC's Amended Complaint.
*See* Groupo Rimar's First Set of Interrogatories, Instructions.

[7] Because of the multiple responses to each of the disputed discovery requests, the court relies almost exclusively on the argument asserted by LNC in its opposition memorandum. In so doing, the court has copied the text verbatim, i.e., typos and all.

Groupo Rimar disputes the sufficiency of plaintiff's response on the basis that the items specified by LNC are not covered by the agreement provisions invoked by LNC in this case. In other words, the "Asserted CI" identified by LNC are not actionable. Groupo Rimar's argument, however, is an issue for another day (e.g., a dispositive motion or trial). For purposes of the present discovery dispute, there is no indication that LNC is withholding any undisclosed "Asserted CI."

| **Interr. No. 2:** | For each piece of Asserted CI identified in response to Interrogatory No. 1, identify with particularity the date, individuals, and circumstances in which each piece of Asserted CI was first developed at LNC |
|---|---|
| **Response/ Argument:** | Interrogatory number 2 is not relevant because it does not matter when the CI of Plaintiff was developed as it only matters that Plaintiff furnished them to Defendant, products containing the features, functions and designs which Defendant copied; however, Plaintiff furnished Defendant documents stating date of 1st use of said CI, patents in the United States showing the dates filed which show the features, functions and/or designs, and the dates of when Defendants purchased the products of Plaintiff which contained those features, functions and/or designs (see **Exhibit "E"** report and cover email attached). |

**Resolution:** The court finds that the interrogatory is potentially relevant because LNC's claim presupposes that it developed the Asserted CI *before* Groupo Rimar coopted it. Groupo Rimar should be permitted to confirm when LNC first developed the Asserted CI. Insofar as LNC has not answered the interrogatory, it shall so supplement its response within the next 14 days from the date of this order.

| **Interr. No. 3:** | For each piece of Asserted CI identified in response to Interrogatory No. 1, identify all products known by LNC to be using such Asserted CI. |
|---|---|
| **Response/ Argument:** | *See* Supplemental Response to Interrogatory No. 1 and 2 above. |

**Resolution:** This evidence is relevant. Insofar as it has not already done so, LNC shall supplement its response within the next 14 days to identify each Groupo Rimar product that purportedly uses Asserted CI.

| **Interr. No. 4:** | For each piece of Asserted CI identified in response to Interrogatory No. 1, identify with detail and particularity, the date, manner, and circumstances under which each piece of Asserted CI was transferred from LNC to Groupo Rimar, including without limitation each person at LNC who transmitted such Asserted CI, and the recipients at Groupo Rimar that LNC believes to have allegedly received such Asserted CI. |
|---|---|
| **Response/ Argument:** | Interrogatory number four was answered that the accused products were furnished both before and after the last Distributorship Agreement between the parties, and then in the Supplemental Response filed the same day of Defendant's Motion to compel, Plaintiff furnished all products and dates when Defendant received the accused products as well as all products received by it en toto that were furnished to it by Plaintiff. |

**Resolution:** This evidence is potentially relevant. To the extent it has not already done so, LNC shall supplement its response within the next 14 days to provide the requested information. If, after reasonable and diligent inquiry, LNC is unable to identify anything more specific, it shall so certify in its supplemental response.

| **Interr. No. 5:** | For each piece of Asserted CI identified in response to Interrogatory No. 1, identify with detail and particularity the date and circumstances under which each piece of Asserted CI was disclosed to anyone outside of LNC including the circumstances of such disclosure and whether the recipient of the Asserted CI was under any obligation to keep such Asserted CI confidential. |
|---|---|
| **Response/ Argument:** | Plaintiff objects to this interrogatory as it calls for confidential information, but with that reservation of rights, suffice it to say that all of the Plaintiff's Distribution Agreements prohibit the Distributor from producing selling and/or offering for sale any colorable imitations of Plaintiff's products. |

**Resolution:** The interrogatory seeks at least partially relevant evidence. Under Louisiana law,[8] courts may resort to parol evidence when a contract is ambiguous. *Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 612 (5th Cir. 2014) (citation omitted). Thus, "[a]ny doubtful provisions must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and other contracts of a like nature between the same parties." *Id.*

LNC seems to have recognized the reasonable possibility that the contract provisions at issue may be ambiguous because it has submitted an affidavit from Joseph Hakim stating that LNC employs the same language in its agreements with other distributors. (Affidavit of Joseph Hakim; Pl. Sur-Reply, Exh.). In addition, LNC supports its contract interpretation position by citing a decision that considered similar or possibly even identical paragraphs from another one of LNC's distributor agreements. *See* Pl. Sur-Reply, pgs. 1-2 (citing *LNC v. Jackel International Limited*; Hakim Affidavit, Exh. A). Considering that LNC is resorting to extra-contractual sources to interpret the paragraphs at issue in this case, it certainly is fair and germane for Groupo Rimar to discover whether LNC has consistently construed and enforced these same provisions in other instances.

Accordingly, within the next 14 days from the date of this order, LNC shall identify when, and under what circumstances, it provided Asserted CI to other *distributors*.[9]

---

[8] The 2012 Agreement specifies that it should be interpreted in accordance with Louisiana law. (2012 Agreement, ¶ 5.9).

[9] According to LNC, all of its distributors are subject to similar contractual provisions. Thus, although LNC contends that the requested discovery is confidential, the confidentiality clause in the 2012 Agreement recognizes an exception for court-ordered disclosure. *See* 2012 Agreement, ¶ 5.5. The instant order should assist in that regard.

| | |
|---|---|
| **Interr. No. 6:** | Separately for each piece of Asserted CI identified in response to Interrogatory No. 1, identify with detail and particularity each piece of Asserted CI contained within each Groupo Rimar product developed, manufactured, sold, or offered for sale including without limitation, all models, prototypes, and modifications, including the name and version number of the product. Response |
| **Response/ Argument:** | Interrogatory number 6 has been answered in full in the attached Supplemental responses sent to Defendant the same day of their unannounced Motion to Compel . . . |

**Resolution:** Plaintiff does not contest relevancy, and apparently has responded in full. If not, then LNC shall so supplement its response within the next 14 days from the date of this order.

b) <u>**Requests for Production**</u>

| | |
|---|---|
| **Prod. Req. No. 2:** | All documents relating to the Asserted CI. |
| **Response/ Argument:** | Plaintiff has send all drawings, all sketches, all notes (see **Exhibit "G"** showing delivery), and all e-mails after the Settlement Agreement not work product, the two Agreements in question, plus the complete list of products furnished to Defendant both before and during the last Distributorship Agreement, and the dates of first use of the Plaintiff's products in question with the Defendant's accused products |

**Resolution:** Plaintiff does not contest relevancy, and apparently has responded in full. If not, then LNC shall so supplement its response within the next 14 days from the date of this order.

| | |
|---|---|
| **Prod. Req. No. 3:** | All documents and things regarding each and every piece of Asserted CI that LNC alleges exists within any Groupo Rimar Product |
| **Response/ Argument:** | RFP number 3 has been answered with supplemental responses. |

**Resolution:** LNC contends that it has produced all responsive documents. LNC is reminded of its ongoing obligation to supplement its discovery responses in the event that it uncovers additional responsive documents.

| **Prod. Req. No. 4:** | Documents and things sufficient to identify each and every LNC product manufactured or sold containing any piece of Asserted CI including documents sufficient to identify the design, development, first (or earliest) sale, offer for sale, or public disclosure of each product. |
|---|---|
| **Response/ Argument:** | Plaintiff objects as being overly broad and burdensome and also objects to relevance as the only issue is whether or not the products in question were used by the Defendant after the Settlement Agreement was entered into by the parties and did Defendant produce and offer for sale said items which are unreasonably similar to Plaintiff's products, in feature, function and/or design after the Settlement Agreement. |

**Resolution:** The objection is partially sustained. LNC need only produce documents establishing when LNC first designed, developed, sold, or publicly disclosed the Asserted CI. LNC shall so supplement its response within the next 14 days from the date of this order.

| **Prod. Req. No. 5:** | All engineering/laboratory notebooks, drawings, sketches, prototypes, notes, schematics, experimental or test results, computer modeling, correspondence, project status reports, email, or other documents and things memorializing any portion of the conception or development of each piece of Asserted CI. |
|---|---|
| **Response/ Argument:** | RFP number 5 has [been] answered by sending these before the Motion to Compel was filed by Defendant. |

**Resolution:** LNC contends that it has produced all responsive documents. LNC is reminded of its ongoing obligation to supplement its discovery responses in the event that it uncovers additional responsive documents.

| **Prod. Req. No. 6:** | All documents and things relating to comments made by anyone regarding the performance, advantages, disadvantages, problems, or features of any product incorporating any piece of Asserted CI. |
|---|---|
| **Response/ Argument:** | RFP number 6 is not relevant because any **comments made** about either the Plaintiff's products or the Defendant's accused products have nothing whatsoever with the question of whether or not the defendant breached its contractual Agreement by using features, functions and/or designs of products of Plaintiff furnish by it to Defendant |

11

**Resolution:** The objection is partially sustained. Although potentially relevant, the discovery request is overbroad. Instead, the court will limit the request to papers and things that document comments made as to Groupo Rimar's incorporation of Asserted CI into its products. LNC shall so supplement its response within the next 14 days from the date of this order.

| **Prod. Req. No. 7:** | All documents and things dated prior to the alleged development of each piece of Asserted CI by LNC concerning the same subject matter of the Asserted CI |
|---|---|
| **Response/ Argument:** | RFP number 7 is likewise totally not relevant because it doesn't' matter about documents before the Plaintiff's CI was developed as that is not the issue as set forth hereinabove…this is not an Intellectual Property (IP) case and while in some instances in an IP case, that information may be relevant, it is not in a breach of contract case. |

**Resolution:** The objection is sustained. Groupo Rimar did not demonstrate the relevance of this requested discovery.

| **Prod. Req. No. 8:** | All documents and things related to the use of any piece of Asserted CI by any third party. |
|---|---|
| **Response/ Argument:** | RFP number 8 is certainly not relevant as use by third parties of the Asserted CI by said third parties is of no consequence to the issues in this case. |

**Resolution:** The objection is sustained. Groupo Rimar contends that the discovery is relevant to demonstrate that "any use of any Asserted CI by Groupo Rimar came from a third party's use or disclosure of same as opposed to LNC providing that information to Groupo Rimar." (Def. Reply Memo., pg. 4, n3). However, if Groupo Rimar obtained the Asserted CI from a third party, then Groupo Rimar, not LNC, is in the best position to identify the third party. In other words, the purported relevance of the discovery is outweighed by the burden of production.

| **Prod. Req. No. 9:** | All documents and things related to the first time LNC learned that any person or entity was using or making a product that embodies any piece of Asserted CI |
|---|---|
| **Response/ Argument:** | RFP number 9 is not relevant because it doesn't make any difference how many others if any, have embodied features of Plaintiff in other products including any piece of Plaintiffs' CI, because said others are not a party to the contractual agreements in question and that information does not change the Defendant's obligation not to breach the contract between the parties. |

**Resolution:** The objection is partially sustained. The discovery request is relevant insofar as it seeks documents pertaining to when LNC first learned that Groupo Rimar was using or making a product with Asserted CI. To the extent it has not done so, LNC shall so supplement its response within the next 14 days from the date of this order.

| **Prod. Req. No. 10:** | All documents and things related to the first time LNC learned of any of Groupo Rimar's products that LNC is accusing of utilizing any of piece of Asserted CI, including documents and things relating to any investigation that LNC performed prior to filing the instant complaint against Groupo Rimar. |
|---|---|
| **Response/ Argument:** | As for RFP number 10, the only documents originally that Plaintiff had in response to this document were furnished, i.e., the color photographs attached to the original petition and they were sent not only with the Petition but in response to this RFP; since the Plaintiff has furnished all it has. |

**Resolution:** LNC does not contest relevancy. To the extent that it has not done so previously, LNC shall supplement its response within the next 14 days to provide the requested documents. If, after reasonable inquiry, LNC is unable to identify any additional responsive documents, it shall so certify in its supplemental response.

13

| | |
|---|---|
| **Prod. Req. No. 11:** | All documents and things relating to or supporting the allegations in LNC's Amended Complaint including all documents and things identified, reviewed or relied upon in the preparation of such Amended Complaint. |
| **Response/ Argument:** | As for RFP number 11, all documents have been furnished to Defendant in response by Plaintiff except for the Defendant's thousands of pages of documents sent after April 24, 2015 and not even seen by Plaintiff's counsel until May 6th, 2015 for the reasons stated hereinabove. |

**Resolution:** LNC contends that it has produced all responsive documents. LNC is reminded of its ongoing obligation to supplement its discovery responses in the event that it uncovers additional responsive documents.

| | |
|---|---|
| **Prod. Req. No. 12:** | All documents and things relating to any communication to which LNC has been a party regarding whether or not any company or person is utilizing any piece of the Asserted CI. |
| **Response/ Argument:** | RFP12 is not relevant for the same reasons objected to hereinabove, i.e. it doesn't matter if others may be using any piece of the Asserted CI. |

**Resolution:** The objection is sustained. Groupo Rimar did not establish the relevance of this discovery.

| | |
|---|---|
| **Prod. Req. No. 13:** | All documents and things relating to LNC's evaluation, analysis, or investigation concerning any product made or sold by Groupo Rimar. |

| | |
|---|---|
| **Response/ Argument:** | RFP 13 could not be responded to prior to receive Defendant's Supplemental responses to Plaintiff's Discovery which Plaintiff did not first view before May 6th, 2015 , but these documents are already in Defendant's possession; and other than the two photographs already furnished with the Petition and in response to Discovery before Defendant's Motion To Compel, there are no other documents re inspection or analysis except for Ed Manzo's Original Expert report, furnished **before** Defendant's Motion To compel, and his supplemental report done May 15th, 2015 and sent to Defendant's on the same date; plus the Expert Report of N. Edward Hakim not due until May 19, 2015 which has been furnished on said date; other than materials and/or data received from Defendant's responses, this RFP has been answered. |

**Resolution:**   LNC contends that it has produced all responsive documents.  LNC is reminded of its ongoing obligation to supplement its discovery responses in the event that it uncovers any additional responsive documents.

| | |
|---|---|
| **Prod. Req. No. 14:** | All documents and things relating to LNC's inspection or analysis of Groupo Rimar's products performed by, or on behalf of LNC |
| **Response/ Argument:** | RFP14 could not be responded to prior to receive Defendant's Supplemental responses to Plaintiff's Discovery which Plaintiff did not first view before May 6th, 2015 , but these documents are already in Defendant's possession; and other than the two photographs already furnished with the Petition and in response to Discovery before Defendant's Motion To Compel, there are no other documents re inspection or analysis except for Ed Manzo's Original Expert report, furnished **before** Defendant's Motion To compel, and his supplemental report done May 15th, 2015 and sent to Defendant's on the same date, and N. Edward Hakim's report sent on May 19, 2015. |

**Resolution:**   LNC contends that it has produced all responsive documents.  LNC is reminded of its ongoing obligation to supplement its discovery responses in the event that it uncovers any additional responsive documents.

15

| | |
|---|---|
| **Prod. Req. No. 17:** | All documents and things that LNC intends to use to support its claim of breach of contract in the Amended Complaint. |
| **Response/ Argument:** | RFP 17 has been furnished except for documents of Defendant's as Plaintiff's Counsel has not been able to review the thousands of pages of said document and also Plaintiff has depositions scheduled in Spain of two of Defendant's witnesses, so Plaintiff continues to reserve the right to supplement this Discovery for those reasons; hovered, the purchase records of products by Defendant that were furnished through Plaintiff, the physical samples, of the CI and the accused products, the two contractual Agreements in question, the photographs of the products , and the up to date shortly before Trial of this matter promised sales information of the accused products by Defendant, along with the Plaintiff's expert reports are what Plaintiff will rely on subject to it finding other information in document form in Defendant's discovery responses, and subject to whether or not Plaintiff's Patents on the accused products may be relevant and allowed in evidenced by the Court to show the proprietary nature of same, said patent having been furnished well before Defendant's Motion to Compel. |

**Resolution:** LNC contends that it has produced all responsive documents. LNC is reminded of its ongoing obligation to supplement its discovery responses in the event that it uncovers additional responsive documents.

| | |
|---|---|
| **Prod. Req. No. 20:** | Documents and things sufficient to show the name, address and specific Asserted CI disclosed to each person to whom any piece of the Asserted CI has been disclosed and the circumstances of such disclosure. |
| **Response/ Argument:** | RFP number 20 is not relevant for the same reasons set forth hereinabove as it does not matter to whom the Asserted CI may have been shown. |

**Resolution:** The objection is partially sustained. The requested discovery is potentially relevant to the claim at issue. As written, however, the production request is overbroad. Accordingly, it is limited to papers and things documenting when any Asserted CI was disclosed to Groupo Rimar. LNC shall so supplement its response within the next 14 days from the date of this order.

| **Prod. Req. No. 21:** | Representative documents and things that LNC has released, sent, given or otherwise distributed to any of its past, current, or potential customers or associates, or to consultants or third parties, including any piece of the Asserted CI, including but not limited to pamphlets, product descriptions, brochures, pricing information, videos, slides, movies, presentations, and any promotional materials related to the Asserted CI or LNC products incorporating any piece of Asserted CI. |
|---|---|
| **Response/ Argument:** | RFP number 21 is not relevant for the same reasons set forth hereinabove as it does not matter to whom the Asserted CI may have been shown. |

**Resolution:**   The objection is sustained.  Groupo Rimar did not establish the relevance of this discovery.

| **Prod. Req. No. 24:** | All licenses, settlements, or agreements or covenants, whether ultimately consummated or not, to which LNC is or was to be a party pertaining to the subject matter of any piece of the Asserted CI |
|---|---|
| **Response/ Argument:** | RFP 24 is not relevant as what Plaintiff did contractually with other persons is of no consequence as relates to the contractual obligations of the parties to the Agreements in question as the only issue is did the Defendant breach **its** contractual agreement with Plaintiff. |

**Resolution:**   LNC's objection is overruled.  *See* Interr. No. 5 discussion, *supra*.  LNC shall supplement its response within the next 14 days from the date of this order to provide the requested information.

| **Prod. Req. No. 27:** | All documents and things reviewed, referenced, considered, cited or quoted in response to Groupo Rimar's First Set of Interrogatories |
|---|---|
| **Response/ Argument:** | As for RFP 27, Plaintiff shows that the only documents reviewed are the ones already furnished to Defendant with the exception of the Defendant's documents sent, after April 24, 2015 but were not able to be reviewed until May 6th, and Defendant is well aware of said documents having furnished them; however, once Plaintiff has had time to go over all of the thousands of pages sent, it will supplement this RFP if necessary. |

**Resolution:**   LNC does not contest relevancy.  To the extent it has not done so previously, LNC shall supplement its response within the next 14 days to provide the requested documents.  If, after reasonable inquiry, LNC is unable to identify any additional responsive documents, it shall so certify in its supplemental response.

c.      **Fees, Costs, and/or Expenses**

The court generally must award reasonable expenses to the prevailing party on a motion to compel.  Fed.R.Civ.P. 37(a)(5)(A).  The rule authorizes exceptions, however, for non-disclosures and responses that were substantially justified, or other circumstances that make an award unjust.  *Id*.  Moreover, when, as here, a motion to compel is granted in part and denied in part, the court *may* apportion the reasonable expenses associated with the motion.  Fed.R.Civ.P. 37(a)(5)(C).

Considering the mixed relief obtained by movant, the court is not inclined to assess costs, expenses, and/or fees in this instance.

### Conclusion

For the above-assigned reasons,

IT IS ORDERED that the motion to compel discovery responses [doc. # 32] filed by defendant Groupo Rimar, AKA Suavinex, SA is GRANTED IN PART, solely to the extent specified in the body of the decision.

IT IS FURTHER ORDERED that the motion [doc. # 32], including the request for fees, expenses, and/or costs, otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 15th day of June 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE