UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD | CIVIL ACTION NO. 14-2491 |
| VERSUS | JUDGE ROBERT G. JAMES |
| GROUPO RIMAR, AKA SUAVINEX | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Luv n' Care, Ltd.'s ("LNC") "Motion to Certify Judgment or Partial Summary Judgment as Final, or in the Alternative Motion for Clarification on the September 30, 2015 Judgment" ("Motion to Certify or Clarify Judgment"). [Doc. No. 130]. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

This is a breach of contract suit between Plaintiff LNC and Defendant Groupo Rimar aka Suavinex ("Suavinex"). On December 8, 2014, LNC filed an Amended Complaint against Suavinex in this Court alleging that Suavinex had breached the parties' 2012 Termination Agreement and Mutual Release ("2012 Termination Agreement"). [Doc. No. 20]. The 2012 Termination Agreement prohibited either party from copying, utilizing, disclosing, or making accessible certain listed items, including products, product designs, trade secrets, formulae, patents, drawings, business plans, prototypes, packaging, procedures and methods, and any other proprietary designs or information, without the other party's consent. LNC's Amended Complaint alleged that Suavinex breached the 2012 Termination Agreement by selling products that closely resembled its own.

On July 6, 2015, Suavinex filed a Motion for Partial Summary Judgment [Doc. No. 64] asking the Court to find that it had not breached the 2012 Termination Agreement. Additionally, Suavinex moved for summary judgment on its counterclaim that LNC breached the 2012 Termination

Agreement's forum selection clause by initially filing a suit in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana ("Fourth Judicial District Court") when the 2012 Termination Agreement's forum selection clause mandated the suit be brought in this Court.

On September 30, 2015, the Court granted Suavinex's Motion for Partial Summary Judgment ("September 30, 2015 Judgment"). [Doc. Nos. 127-128]. Specifically, the Court held that Suavinex's actions did not breach the 2012 Termination Agreement. The Court also held that, by initially filing suit in the Fourth Judicial District Court, LNC breached the 2012 Termination Agreement's forum selection clause. However, finding Suavinex's proof of damages to be cursory and insufficient, the Court asked the parties for supplemental briefing. The parties complied, and a ruling on the damages issue is forthcoming.

On October 9, 2015, LNC filed the instant Motion to Certify or Clarify Judgment. [Doc. No. 130]. On November 5, 2015, Suavinex filed an opposition, asking the Court to deny LNC's motion to certify the judgment as final. [Doc. No. 146]. LNC did not file a reply.

LNC asks the Court to clarify whether the September 30, 2015 Judgment was final or, in the alternative, to certify it as final pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"). Suavinex opposes certifying the judgment as final, noting that such a ruling would guarantee piecemeal litigation at the appellate stage.

The finality of a lower court order or judgment determines whether an appellate court has jurisdiction to review it. "Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific cases, 28 U.S.C. § 1292(a) or that have been properly certified for appeal by the

district court, 28 U.S.C. § 1292(b)." *Askanane v. Livingwell, Inc.,* 981 F.2d 807, 809-10 (5th Cir. 1993) (citations omitted).

"[T]here is no statute or rule that specifies the essential elements of a final judgment and [the Supreme] Court has held that [n]o form of words and no peculiar formal act is necessary to evince [the] rendition [of a judgment]." *United States v. F&M. Schaefer Brewing Co.*, 356 U.S. 227, 233 (1958) (quoting *United States v. Hark*, 320 U.S. 531, 534 (1944)). The Fifth Circuit has "advocated a practical approach in deciding issues of finality[;] [a] judgment reflecting an intent to dispose of all issues before the district court is final." *Moreau v. Harris Cnty.*, 158 F.3d 241, 244 (5th Cir. 1998) (citing *Vaughn v. Mobil Oil Exploration and Prod. Southeast, Inc.*, 891 F.2d 1195, 1197 (5th Cir. 1990); *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 705 (5th Cir. 1991).

In the instant case, the Court explicitly reserved the damages issue with respect to LNC's breach of the forum selection clause. Thus, the September 30, 2015 Judgment is not a final judgment for appeal purposes, and LNC's time to file an appeal has not started to run.

Alternatively, LNC moves the Court to certify it as a final judgment pursuant to Rule 54(b), arguing that all issues of law have been decided. Rule 54(b) provides:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and abilities.

The Court will deny LNC's request to certify the September 30, 2015 Judgment as final because certification would result in piecemeal litigation at the appellate stage. *See Road Sprinkler Fitters Local*

*Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992). In order to prevent piecemeal litigation, "a district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indust. Inc. v. Harris Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

LNC has identified no hardship it will endure if the Court denies its motion. "As such, the plaintiff's motion is insufficient to overcome the policy against piecemeal appeals." *Hefron v. Murphy Exploration and Prod. Co., USA*, 34 F.Supp.3d 651, 661 (W.D. La. 2014); *see also PYCA Ind.*, 81 F.3d at 1421. Accordingly,

IT IS ORDERED that LNC's Motion to Certify or Clarify Judgment [Doc. No. 130] is GRANTED IN PART and DENIED IN PART. To the extent LNC asks the Court to clarify its September 30, 2015 Judgment [Doc. No. 128] the motion is GRANTED. The September 30, 2015 Judgment was not a final judgment for purposes of appeal. However, to the extent LNC asks the Court to certify the September 30, 2015 Judgment, the motion is DENIED.

MONROE, LOUISIANA, this 8th day of December, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE