UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LUV N' CARE, LTD** | **CIVIL ACTION NO. 14-2491** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **GROUPO RIMAR, AKA SUAVINEX** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Luv n' Care, Ltd.'s ("LNC") "Motion in Limine to Disallow Any Testimony and/or Evidence Re Patents."[Doc. No. 191]. Defendant Groupo Rimar aka Suavinex ("Suavinex") opposes the motion. [Doc. No. 217].

This is a breach of contract suit between LNC and Suavinex based on the parties' 2012 Termination Agreement and Mutual Release ("2012 Termination Agreement"). The 2012 Termination Agreement prohibited either party from copying, utilizing, disclosing, or making accessible certain listed items, including products, product designs, trade secrets, formulae, patents, drawings, business plans, prototypes, packaging, procedures and methods, and any other proprietary designs or information, without the other party's consent. LNC's Amended Complaint alleged that Suavinex breached the 2012 Termination Agreement by selling products that closely resembled its own. Thus, the issue to be presented to the jury is whether Suavinex copied LNC's proprietary products in violation of the 2012 Termination Agreement.

Pursuant to Federal Rules of Evidence 401 and 403, LNC moves the Court to exclude all witnesses and evidence that discuss or "even mention[ ] any part of the Intellectual Property in

1

general, and patents in particular as this is nothing more than a way for [Suavinex] to insert legal issues of Intellectual Property law into evidence which are inappropriate and not at issue . . . and will confuse the jury on legal issues re patents and other Intellectual Property which is not applicable or relevant here." [Doc. No. 191, p. 5]. In response, Sauvinex agrees that only a breach of contract claim remains, but argues that evidence of patents, as discussed in their expert's report, is "relevant and non-prejudicial, not because they are patents, but because these documents, just like any other publication or commercial documents, show as of the date of their public availability . . . features and functions within the public domain and developed by entities other than LNC." [Doc. No. 217, p. 2]. For example, Suavinex intends to offer into evidence a patent by the Gerber Co. that was in existence for a decade prior to LNC's product development and used some of the same features for its pacifier that LNC claims Suavinex copied.

First, the Court finds that the cited evidence is relevant to the remaining claim and issues at trial. Rule 401 defines "'[r]elevant evidence' . . . [as] evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. LNC contends that Suavinex copied its products based on a comparison of the design features of the two companies' products. Accordingly, evidence that these design features were already incorporated to the products for which another company previously obtained a patent is relevant to the claim and issues.

However, even if relevant, under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. While there could be some issue of confusion to the

2

jury, the Court finds that this danger does not substantially outweigh the evidence's relevance. Counsel for Suavinex is cautioned to focus their questioning of witnesses and presentation of evidence on the copying claim, but Court will not exclude all evidence or even mention of intellectual property or patents. If LNC so desires, the Court will consider a limiting instruction to the jury to further address any possible prejudice.

Accordingly,

IT IS ORDERED that LNC's Motion in Limine to Disallow Any Testimony and/or Evidence Re Patents" [Doc. No. 191] is DENIED, subject to the Court's caution to Suavinex's counsel and a limiting instruction to the jury, if requested.

MONROE, LOUISIANA, this 27th day of March, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE