UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD | CIVIL ACTION NO. 14-2491 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| GROUPO RIMAR, AKA SUAVINEX | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff Luv n' Care, Ltd.'s ("LNC") "Motion in Limine to Disallow Testimony of Defendant's Witnesses and Any Evidence at the Trial of this Matter Regarding the Issue of Plaintiff's Filing an Action in the Wrong Forum" [Doc. No. 193] and "Motion in Limine to Disallow the Testimony of Defendant's Witnesses and Any Evidence at the Trial of this Matter Regarding the Issue of Plaintiff's Filing an Action Under LA. R.S. 51:1401 Et Seq" [Doc. No. 194]. Defendant Groupo Rimar aka Suavinex ("Suavinex") filed a combined response to both motions. [Doc. No. 221].

LNC acknowledges that it did file suit in state court in error, but that it subsequently withdrew that suit and filed the instant Complaint in Federal court, in accordance with the provision in the 2009 Distributorship Agreement that called for any legal dispute on any breach thereof to be in Federal Court. LNC argues "Under Federal Rules of Evidence 401 and 403, it is respectfully submitted that to allow the introductions of the state Court filing and argue on it being a breach of the Termination Agreement is irrelevant and also evidence that is clearly

1

prejudicial to the Plaintiff and said prejudice far outweighs the probative value." [Doc. No. 193-1, p. 3].

LNC also acknowledges that it did originally file a suit in state court under LA. R.S. 51:1401, et seq., but that it subsequently filed a motion to dismiss that claim with prejudice, once it confirmed that Suavinex did not sell in the State of Louisiana. LNC argues that the original filing of a claim under LA. R.S. 51:1401, et seq., doesn't matter since it was voluntarily dismissed, and "Under Federal Rules of Evidence 401 and 403, it is respectfully submitted that to allow the introductions of the filing of this claim by Plaintiff is clearly irrelevant evidence since it has absolutely nothing to do with the real issues in the lawsuit, and such an allowance is also prejudicial to the Plaintiff which said prejudice far outweighs the probative value of allowing this evidence in at the Trial." [Doc. No. 194-1, p. 2].

In its combined response to these two motions, Suavinex states that, "in principal," it does not oppose either motion, but that "Defendant reserves its right to bring the undisputed facts set forth in the Court's previous rulings to the Court's attention in briefing (or to the jury after obtaining permission from the Court." [Doc. No. 221, p. 2]. "These two rulings are particularly relevant and not prejudicial with respect to the issue of which, if any, party is entitled to attorneys' fees…" pursuant to the 2012 Termination Agreement. [Doc. No. 221, p. 2]. Suavinex asserts that because it has prevailed on at least two of the three claims at issue, it is the "prevailing party" as it relates to the entitlement of attorneys' fees, whether the issue is decided by the Court or if the Court asks for an advisory opinion from the jury. Thus, Suavinex concludes "Defendant will not currently oppose these two motions in limine from LNC but reserves the right to request the Court's [sic] to make its final determinations on these original

claims known to the jury if in fact the Court requests that the jury provide an advisory decision on this issue." [Doc. No. 221, p. 3].

Accordingly,

IT IS ORDERED that LNC's "Motion in Limine to Disallow Testimony of Defendant's Witnesses and Any Evidence at the Trial of this Matter Regarding the Issue of Plaintiff's Filing an Action in the Wrong Forum" [Doc. No. 193] and "Motion in Limine to Disallow Testimony of Defendant's Witnesses and Any Evidence at the Trial of This Matter Regarding the Issue of Plaintiff's Filing an Action Under LA. R.S. 51:1401, et seq." [Doc. No. 194] are GRANTED, subject to the right of Suavenix to ask permission from the Court to introduce this evidence in the event the Court requests an advisory opinion from the jury on the issue of entitlement of attorneys' fees.

MONROE, LOUISIANA, this 28th day of March, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE