# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD | CIVIL ACTION NO. 14-2491 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| GROUPO RIMAR, AKA SUAVINEX | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Defendant Groupo Rimar aka Suavinex's ("Suavinex") Omnibus Motion in Limine [Doc. No. 196]. Plaintiff Luv n' Care, Ltd. ("LNC") has opposed the motion in separate filings to address each issue raised. [Doc. Nos. 210-12, 214-15, 222-26].

This is a breach of contract suit between LNC and Suavinex based on the parties' 2012 Termination Agreement and Mutual Release ("2012 Termination Agreement"). The 2012 Termination Agreement prohibited either party from copying, utilizing, disclosing, or making accessible certain listed items, including products, product designs, trade secrets, formulae, patents, drawings, business plans, prototypes, packaging, procedures and methods, and any other proprietary designs or information, without the other party's consent. LNC's Amended Complaint alleged that Suavinex breached the 2012 Termination Agreement by selling products that closely resembled its own. Thus, the issue to be presented to the jury is whether Suavinex copied LNC's proprietary products in violation of the 2012 Termination Agreement.

Suavinex presents eleven (11) motions in limine for the Court's consideration. The Court will consider each in turn.

1. **Suavinex's Size**

Suavinex first moves the Court to exclude any evidence, testimony, or argument concerning its size, wealth, overall revenues, or profits, arguing that this type of evidence has no relation to the issues and would be highly prejudicial. Suavinex argues further that the jury might award LNC damages based Suavinex's overall business or as a measure of punitive damages.

LNC responds that Sauvinex's own expert witnesses have made its size and position in the Spanish pacifier market relevant to their testimony. Further, LNC contends that this evidence is relevant to the story behind the relationship between the two companies and the breach of contract claim.

Rule 401 defines "'[r]elevant evidence' . . . [as] evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. However, even if relevant, under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

The first Motion in Limine is GRANTED IN PART and DENIED IN PART. To the extent that Suavinex intends to offer evidence of its development of the products at issue and its longstanding presence in the Spanish market as a baby products distributor, the Court finds that LNC should be allowed to offer a brief evidentiary presentation on the history of the relationship

between the companies and Suavinex's subsequent growth in the Spanish market and that such evidence is not unduly prejudicial. However, the Court will otherwise exclude evidence, testimony, and argument with regard to Suavinex's size, wealth, overall revenues, or profits as irrelevant. While the Court is allowing some, limited evidence on the general size and growth of Suavinex, LNC is cautioned that the Court will not allow lengthy presentation on this type of evidence, and, further, that the focus on the evidence should be on the allegedly copied products, not Suavinex's other products. The parties should consider this ruling as a general guide, but the Court will consider appropriate objections at trial.

**2. Suavinex's Other Products**

Suavinex next moves the Court to exclude any evidence, testimony, or argument concerning other products in its catalog of offerings, arguing that this evidence has "no nexus to the accused products or their features and is improper" and "highly prejudicial." [Doc. No. 196-1, p. 4]. Suavinex argues further that this evidence "may suggest to the jury that it should award LNC damages based upon Suavinex's overall business, the vast majority of which has nothing to do with the accused products or the accused features." *Id.*

LNC responds that it does not intend to introduce evidence of the range of Suavinex's products to mislead or prejudice the jury, but that it should be allowed to "show that the present litigation does not target the entirety of Suavinex's product line." [Doc. No. 211, pp. 3-4].

The second Motion in Limine is GRANTED IN PART and DENIED IN PART. The Court will allow limited evidence showing that the parties had a contract on the distributorship of two of Suavinex's products, but Suavinex retained the right to sell other products in that market. Contrary to LNC's arguments, it is the Court's province to determine whether evidence is relevant, regardless of the parties' arguments. Other than as indicated, evidence regarding the

3

other products is irrelevant to whether Suavinex copied the two products at issue and will be excluded.

3. **Dealings Prior to 2009**

Suavinex next moves the Court to preclude LNC from offering evidence, testimony, or argument concerning dealings between it and LNC prior to the 2009 Distribution Agreement. Although the parties in the present litigation have done business under various agreements over the past decade, Suavinex argues that only the 2009 Distribution Agreement and the 2012 Termination Agreement stand on their own, and dealings prior to the effective date of the 2009 Distribution Agreement are irrelevant. Suavinex further contends that references to prior agreements might improperly affect the jury's determination of damages.

LNC responds that the Motion in Limine addresses issues in the then-pending Motion for Partial Summary Judgment. LNC argues further that, assuming the Motion for Partial Summary Judgment is denied, it should be allowed to present evidence "relevant to paragraphs 15 and 19." [Doc. No. 212, p. 3].

The third Motion in Limine is GRANTED. Since the Motion in Limine was filed, the Court has denied Suavinex's Motion for Partial Summary Judgment and found genuine issues of material fact for trial. However, the issue before the jury will be whether Suavinex copied two LNC products in violation of the 2012 Termination Agreement. While paragraphs 15, 16, and 19 of the 2009 agreement were incorporated into the 2012 Termination Agreement and have relevance, it is unclear how other prior agreements would withstand a challenge under Rules 401 and 403. As discussed above, LNC will be allowed to make a limited evidentiary presentation on the historical relationship between the parties, and the Court anticipates that a witness may

testify that they have entered into prior agreements. However, based on the arguments presented at this time, the Court will exclude any other evidence of the dealings prior to 2009.

**4. Breaches of 2009 Distribution Agreement**

Suavinex moves the Court to preclude LNC from offering evidence, testimony, or argument concerning any and all acts of breach of contract of the 2009 Distribution Agreement prior to April 12, 2012.

In response, LNC states that it has not made a claim for breach of contract prior to April 12, 2012, and thus does not intend to offer evidence of prior alleged breaches. LNC then offers speculation of evidence that Suavinex may offer at trial which would make prior breaches relevant.

The fourth Motion in Limine is GRANTED. The Court will not allow evidence of breaches of contract prior to April 12, 2012, based on the current record. The Court will not speculate if and how such evidence might become relevant. If at trial, Suavinex's evidentiary presentation raises additional issues on the relevance of prior alleged breaches, the Court will consider those issues at the proper time.

**5. Previous Litigation**

In its fifth issue, Suavinex moves the Court to exclude evidence, testimony, or argument, concerning previous litigation, including litigation against Jackel International. Suavinex argues that the outcome of LNC's litigation against third parties with different accused products is irrelevant, highly prejudicial, and likely to cause confusion. In particular, Suavinex contends that any evidence of a permanent injunction entered by a state court against Jackel International, a previous distributor of LNC would be unduly prejudicial and confusing to the jury.

In response, LNC argues that such evidence is relevant to the proper interpretation of paragraphs 15 and 19 and that its highly probative value plainly outweighs potential prejudice or jury confusion. LNC points out that the litigation with Jackel involved the enforcement of the very same paragraphs at issue in this case.

The fifth Motion in Limine is GRANTED. While there is some relevance to the interpretation of the same paragraphs in the Jackel agreement and the fact that Suavinex was aware of the nature of the agreement prior to entering into the 2012 Termination Agreement, the Court finds that the relevance is substantially outweighed by the danger of unfair prejudice and confusion. It is the province of the jury to determine whether Suavinex breached the agreement at issue in this case, and the Court is greatly concerned that the jury would give undue weight to a determination by another factfinder interpreting the same paragraphs or that such evidence would result in a trial within a trial.

6. **Reading of Objections**

Suavinex next moves the Court to preclude counsel from including counsel objections in any deposition testimony read to the jury.

LNC responds and states that it does not oppose this motion.

The sixth Motion in Limine is GRANTED. Under the Court's standard practice and procedures, counsel are required to edit all depositions, whether videotaped or written transcripts, to remove objections of counsel.

7. **Any Failure to Call Witnesses**

In its seventh Motion in Limine, Suavinex moves the Court to preclude LNC from commenting on any failure by Suavinex to call any particular witnesses at trial because such comments would be irrelevant and highly prejudicial. Suavinex notes that its principal place of

business is in Spain, its employees live in Spain, and Suavinex has no connection with this judicial district other than the forum selection clause of the 2012 Termination Agreement.

LNC responds that it has no objection to this motion as it relates to any witness who has not been deposed except as to Maria Jesus Bleda, who is the subject of a separate motion in limine. LNC further objects to the extent that Sauvinex fails to bring Sara Munoz and Juan Ramon Garcia Gomez to trial because they were deposed and provided testimony as Suavinex's corporate representatives. If these two witnesses are not produced, LNC contends that they should be allowed to comment.

The seventh Motion in Limine is GRANTED IN PART and DENIED IN PART. Except for the three named witnesses, the motion is GRANTED. With regard to the Maria Jesus Bleda, the Court will consider the pending motion separately. With regard to the two corporate witnesses, the motion is DENIED at this time, subject to re-urging by Suavinex if these witnesses will not be called at trial.

**8. Any References or Arguments to Various Issues**

Suavinex moves the Court to preclude LNC from making reference or argument about its Motions in Limine, its objections to exhibits or deposition designations, other motions or submissions to the Court, any "Non-Neutral Description of a Ruling of this Court or the Court of Appeals for the Fifth Circuit," any witness not timely identified by LNC, or any evidence or testimony not timely designated." [Doc. No. 196, p. 10].

LNC does not oppose the general application of this motion to both parties except for the reference to the rulings of this Court or the Fifth Circuit. With regard to the rulings, LNC argues that "this Court's and the Fifth Circuit's ruling are relevant to cross-examination of Suavinex's

7

witnesses." [Doc. No. 226, p. 2]. LNC also contends that it is entitled to apply the Fifth Circuit's ruling as the law of the case.

The eighth Motion in Limine is GRANTED. While LNC is correct as to the application of the law, none of its arguments supports its right to refer to or describe those rulings. It is the job of the Court, not the attorneys, to instruct the jury on the law to be applied in this case. If, during trial, there is some reason that LNC believes that it will need to refer to one or more rulings during cross-examination, counsel is instructed to request a side bar.

9. **Any Reference to *Daubert* motion**

In the ninth Motion in Limine, Suavinex moves the Court to preclude LNC from making any reference to Suavinex's filing of a Daubert motion to exclude the testimony of Edward Manzo and Robert John Anders, regardless of the outcome of the motion, and any reference to the fact that Suavinex objected to any of LNC's witnesses. Suavinex contends that any such evidence is irrelevant.

LNC responds that it does not oppose the motion as long as Suavinex agrees to be similarly bound.

Suavinex's ninth Motion in Limine is GRANTED. Neither party will be allowed to comment on motions filed (regardless of outcome) or objections made with regard to witnesses.

10. **Nationality and/or Citizenship of Sauvinex's Witnesses**

Suavinex also moves the Court to exclude evidence on the nationality and citizenship of Suavinex and nationality, citizenship, and ability to speak the English language of its employees, Sara Munoz Elizabeth Perez Boti, Maria Jesus Bleda, and Juan Ramon Gomez Garcia. Suavinex concedes in its motion that the 2012 Termination Agreement encompasses the geographic market of Spain and that Suavinex is a Spanish corporation which markets in Spain. However, Sauvinex

contends that the evidence it seeks to exclude is not relevant and, even if relevant, is unduly prejudicial.

LNC responds that the granting of this motion would logically prevent it from even mentioning that Suavinex was its Spanish distributor.

The tenth Motion in Limine is DENIED. The Court finds that the requested exclusion of relevant evidence is impractical given the facts of this case and the allegations and defenses. Clearly, the conceded evidence is relevant. Further, it is inevitable that the nationality and/or citizenship of the employees will become part of the facts as the case develops at trial. The Court does not believe that this evidence will unduly prejudice the jury against Suavinex. Further, to the extent that Suavinex has such concerns, the Court will consider an appropriate instruction to the jury, both during trial and as part of the final jury instructions.

**11. Comparison of Products**

Finally, Suavinex moves the Court to exclude evidence, testimony, or argument comparing products not at issue in this suit, including the comparison of an allegedly copied LNC product to Suavinex- licensed product that was manufactured by LNC and purchased from LNC for resale during the term of the 2009 Distributorship Agreement. Suavinex argues that the only purpose of such comparison is to show the similarity between the products when such evidence is both irrelevant to the issues in the case and will mislead and confuse the jury regarding the differences between the actual accused Suavinex product and the allegedly copied LNC product.

LNC responds that the disputed evidence is relevant to show that Suavinex sold a version of the LNC hard/soft shield pacifier while it was LNC's distributor in Spain. LNC contends that this evidence is relevant because it must show that Suavinex copied its pacifier, and the

undisputed evidence is that Suavinex never had a hard/soft shield pacifier until it distributed the LNC pacifier.

Suavinex's eleventh Motion in Limine is GRANTED IN PART and DENIED IN PART. The Court agrees with LNC that it should be allowed to offer relevant evidence that Suavinex did not have hard/soft shield pacifier in its product line until it distributed the LNC pacifier under the 2009 agreement. Nevertheless, the Court has concerns about potential confusion to the jury if the testimony is too focused on the prior LNC product, rather than the alleged Suavinex copy. Accordingly, the Court will allow LNC to offer some limited evidence on the pacifier previously marketed by Suavinex, but the Court will not allow LNC to spend unlimited time making a point-by-point comparison. Additionally, the Court's ruling on this motion is subject to review based on its ruling on the other pending motions.

Accordingly, for these foregoing reasons, Suavinex's Omnibus Motion in Limine [Doc. No. 196] is GRANTED IN PART and DENIED in PART.

MONROE, LOUISIANA, this 3rd day of April, 2018.

 _____
 TERRY A. DOUGHTY UNITED STATES
 DISTRICT JUDGE